21-3071(L)
*United States v. Scales*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty-three.

Present:

>JON O. NEWMAN,
>EUNICE C. LEE,
>BETH ROBINSON,
>    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                                                21-3071(L), 22-478(CON)

SYDNEY SCALES, AKA SEALED DEFENDANT 1,
ERNEST HORGE, AKA SEALED DEFENDANT 2,

>*Defendants-Appellants,*

_____

For Appellee:                                   Frank Balsamello, Hagan
                                                Scotten, Assistant United
                                                States Attorneys, *for* Damian
                                                Williams, United States
                                                Attorney for the Southern

District of New York,
New York, NY.

For Defendant-Appellant Sydney Scales:

Elizabeth Latif,
Law Offices of Elizabeth A.
Latif PLLC,
West Hartford, CT.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Sydney Scales appeals from a judgment and sentence entered following a jury trial at which he was convicted of one count of conspiring to distribute narcotics, in violation of 21 U.S.C. § 841(b)(1)(A), one count of conspiring to commit murder for hire, in violation of 18 U.S.C. § 1958, one count of using a firearm during a narcotics conspiracy, in violation of 18 U.S.C. § 942(c)(i) and (ii)(a), and two counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(C). These convictions were all in connection to an alleged drug distribution conspiracy operating in the West Farms neighborhood of the Bronx, New York spanning from 2016 through 2019. Scales was sentenced to 27 years' imprisonment.

On appeal, Scales argues that: (1) the district court improperly admitted testimonial evidence of Scales's possession of a firearm that did not have a nexus to the charged conspiracy, (2) the district court abused its discretion in admitting cell site evidence that was more prejudicial than probative, (3) the district court erred in denying Scales a new trial based on improper statements made during the government's summation, and (4) the sentence of 27 years' imprisonment was unreasonable. We assume the parties' familiarity with the underlying facts,

the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Evidentiary Issues

Scales argues that the district court erred in admitting (1) testimonial evidence regarding his use of a firearm in furtherance of the charged conspiracy, and (2) cell site evidence that allegedly corroborated a witness's testimony concerning a shooting.

We review a district court's decision to admit or exclude evidence for abuse of discretion and will reverse "only when an evidentiary ruling is manifestly erroneous or arbitrary and irrational." *United States v. Dawkins*, 999 F.3d 767, 788 (2d Cir. 2021) (internal quotation marks omitted). Even if a district court is found to have erred in its evidentiary ruling, a new trial is not granted if the error was harmless. *United States v. Siddiqui*, 699 F.3d 690, 702 (2d Cir. 2012).

As explained below, we find Scales's evidentiary challenges to be without merit.

a. <u>Admission of Testimonial Evidence Regarding Scales's Possession of Firearms</u>

Scales argues that the court improperly admitted testimony regarding his possession of firearms in violation of Federal Rule of Evidence 404(b)(1). Generally, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

i. *Challenged Testimony*

Scales challenges five pieces of testimonial evidence that were presented at trial regarding

3

his use of a firearm in furtherance of a conspiracy.

Tiquana Stevenson testified that sometime in late 2016, she picked up Scales and two unknown men and drove them to 179th Street and Boston Road in the Bronx. As the two unknown men exited the vehicle, she heard metallic clicks that sounded like a firearm, and then heard gunshots in the direction of Boston Road. The two men came back to the vehicle, and she drove them and Scales away as Scales listened to a police scanner. The government also presented security camera footage of a shooting that happened in the same area from December 1, 2016.

Jorge Marin testified that at some point in 2016, Scales had him pick up a fully-loaded firearm and then hand it off to another person. That person returned the weapon a few hours later with only three rounds left.

James Crooms testified that one time in 2015 when picking up crack cocaine from Scales, Scales showed and offered to sell him a firearm. Crooms also claimed that sometime in 2016 he accompanied Scales and another individual on a trip to "hold down" someone who owed Scales money. On this trip, he saw Scales hand the other individual a firearm.

Albert Collins testified that sometime at the end of 2016, Scales asked him if he wanted to see a "new toy" and showed him a firearm.

ii. *Discussion*

Scales argues that none of the above testimony was properly admitted to prove that he used a firearm in furtherance of a narcotics conspiracy in violation of 18 U.S.C. § 942(c)(i) and (ii)(a). Scales stresses that in order to convict under § 924(c), the government cannot simply prove that a drug dealer possessed a gun, but rather that there was a "specific 'nexus' between the charged

4

firearm and the charged drug selling operation." *United States v. Snow*, 462 F.3d 55, 62 (2d Cir. 2006) (quoting *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001)). Therefore, Scales argues, the testimonies of Stevenson, Marin, Crooms, and Collins were simply evidence of prior bad acts or wrongs, and not related to Scales's charged crime under § 924(c).

Scales's argument falters, however, as it confuses evidence that is sufficient to convict under § 924(c) with evidence that is relevant to § 924(c). "To be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less to prove it beyond a reasonable doubt." *United States v. Abu-Jihaad*, 630 F.3d 102, 132 (2d Cir. 2010). While any of the challenged testimony by itself may not have been sufficient to prove a violation of § 924(c), it was all certainly relevant as to whether the allegation that the defendant possessed a firearm was "more or less probable." *See* Fed. R. Evid. 401. We agree with the district court that "[i]ndividual witness testimony about instances of gun possession need not constitute self-contained proof of a § 924(c) violation" and "[c]onsidering all the evidence at trial, a jury could reasonably infer that Scales possessed his guns in furtherance of a charged conspiracy." *United States v. Scales*, No. 19-cr-96(JSR), 2022 WL 673258, at *6 (S.D.N.Y. March 7, 2022).

Scales argues that the testimony from Stevenson lacked a specific nexus to the drug conspiracy because there was no proof that the gun clicking and shots she heard were connected to Scales's drug dealings. Given that there was a video introduced showing a shooting in a rival's territory from around the same time, and cell site data that corroborated Stevenson's testimony regarding Scales's presence in the vicinity, there was sufficient evidence for a reasonable jury to conclude that the firearm Stevenson heard was used in connection with Scales's drug operation.

Scales argues that evidence of the firearm Marin testified to was not admissible because

the firearm could have been used for a shooting or robbery unrelated to Scales's business. As the firearm was given to Marin by Scales, and Marin provided it to another individual under Scales's direction, it was certainly relevant to a reasonable jury's consideration as to whether Scales used a firearm in connection with his drug conspiracy.

Regarding Crooms's and Collins's testimony, Scales further argues that their testimony is irrelevant because Crooms and Collins were part of a *different* conspiracy from the one with which Scales was charged. Crooms and Collins were both part of a group of dealers at the Lambert houses who dealt for Scales until mid-2016 but stopped selling for him after Scales had a falling out with another dealer in the Lambert houses. The government presented evidence that after 2016, Scales and the dealers at the Lambert houses were in fact enemies. Scales argues that there was not one conspiracy, but rather two—one before the break from the dealers in the Lambert houses and one after the break.

It is true that a conspiracy requires agreement "on the essential nature of the plan" and that the goals of the co-conspirators must not be at "cross-purposes." *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990). Scales argues that a common defendant acting as a spoke "only creates a conspiracy if, like a wheel, the other defendants, or the 'spokes,' are enclosed by a rim." Appellant Br. at 24 (quoting *Kotteakos v. United States*, 328 U.S. 750, 755 (1946)). However, after hearing the evidence at trial, the district court found that while different dealers may have fallen in and out of favor with Scales, there was a single conspiracy—a conspiracy to sell drugs in the West Farms neighborhood, of which the Lambert houses are a part. While some of Scales's allies may have become enemies, the main co-conspirators were never at cross purposes, as the purpose was selling drugs. Thus, Crooms's and Collins's testimonies were

6

properly admitted, as they were relevant to Scales's use or possession of a firearm in the furtherance of a drug conspiracy.

b. Admission of Cell Site Evidence

Scales next argues that the cell site evidence corroborating Stevenson's testimony regarding the events of December 1, 2016 was improperly admitted. Specifically, Scales argues that the evidence was admitted in violation of Federal Rule of Evidence 403. Evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues," or "misleading the jury." Fed. R. Evid. 403.

At trial, the government presented evidence that showed Scales's phone number connecting with a cell phone tower near 179th Street and Boston Road between 7:40 and 8:00 p.m. on December 1, 2016. The evidence then showed his phone connecting with a cell site along the Cross Bronx Expressway at 8:18 p.m. Scales's number also connected with Stevenson's number earlier that same day. The government introduced this evidence to corroborate Stevenson's testimony regarding Scales being in the area of the December 1, 2016 shooting.

Although Scales does not challenge the district court's denial of his motion to exclude the cell site evidence on *Daubert* and Federal Rule of Evidence 702 grounds, he argues that the evidence was more prejudicial than probative. Scales appeals to *Daubert*'s warning that when it comes to expert testimony, a court must be extra careful when weighing the 403 factors. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993). Scales contends that because the government's expert testified that it is not necessarily the closest cell site a phone connects with, but rather the one with the strongest signal, the cell site data did not necessarily show his location on December 1, 2016, and therefore the "minimal relevance of the evidence is outweighed

7

by the risk of confusion and prejudice." Appellant Br. at 30.

Scales has not demonstrated any non-relevant prejudicial effect from the introduction of the cell site evidence. Scales asserts that "[h]aving a jury listen to [the expert testify] about specific towers near the shooting sites indicating that Mr. Scales's phone was in close proximity was fundamentally unfair." *Id*. at 32. Scales's argument seems to rely on a mistaken assumption that any evidence that is inculpatory is inherently prejudicial. The fact that a phone does not always connect to the closest cell tower does not touch on the relevance of the evidence, but rather the weight of the evidence. Scales's attorney was welcome to cross-examine the government's expert on this point in order to make the point to the jury that it should afford the cell-site evidence less weight (and in fact she did).

Given that Scales failed to provide any reason why the cell site evidence was prejudicial beyond *Daubert*'s cautioning that "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it," 509 U.S. at 595 (quoting Jack B. Weinstein, *Rule 702 of the Federal Rules of Evidence is Sound; It Should Not Be Amended*, 138 F.R.D. 631, 632 (1991)), we conclude that the district court did not abuse its discretion in deciding that the evidence was not more prejudicial than probative and admitting it at trial.[1]

## II. The Prosecution's Alleged Improper Statements in Summation

Scales argues that the district court should have granted a new trial because the government, in summation, discussed facts not in evidence and improperly shifted the burden of

---

[1] Scales also argues that the cell cite evidence did not completely line up with Stevenson's testimony, and it therefore should have been excluded. This, again, goes to the weight of the evidence, and not its prejudicial effect.

8

proof to Scales with regard to his charge of conspiring to commit murder for hire in violation of 18 U.S.C. § 1958.

To prove this charge at trial, the government offered testimony from Rysheen Summers that Scales had provided him with a .38 caliber firearm in 2017 to kill Raymond Santiago, who had allegedly stopped selling Scales's drugs. In summation, Scales's attorney argued that this allegation could not be true because by the time Scales was allegedly hiring Summers to kill Santiago, Santiago was incarcerated in federal jail. In its rebuttal summation, the government countered by saying that "[w]hen the defendant gave Rysheen Summers the gun to shoot Raymond Santiago, he didn't know Santiago had been arrested. Nobody knew that." App'x at 2344. Because there was no evidence presented at trial which proved Scales did *not* know that Santiago was in jail when he allegedly hired Summers to kill him, Scales contends that it was improper for the prosecution to raise this inference in summation.

This Court "review[s] for abuse of discretion a district court's denial of a [Federal] Rule [of Criminal Procedure] 33 motion alleging prosecutorial misconduct." *United States v. Banki*, 685 F.3d 99, 119–20 (2d Cir. 2012). While "it is improper for a prosecutor to mischaracterize evidence or refer in summation to facts not in evidence," *United States v. Rosa*, 17 F.3d 1531, 1548–49 (2d Cir. 1994), it is also true that a prosecutor is "entitled to respond to the evidence, issues, and hypotheses propounded by the defense," *United States v. Marrale*, 695 F.2d 658, 667 (2d Cir. 1982).

We agree with the district court that these comments were not improper, as "the Government was entitled to respond to defense counsel's argument by asking the jury to draw the opposite inference regarding whether or not Scales was aware of Santiago's arrest." *Scales*, 2022

9

WL 673258, at *9. If the jury were to credit Summers's testimony, a reasonable inference would be that Scales was not aware of Santiago's incarceration. When Scales's attorney made the assertion that Scales knew that Santiago was in jail, the government properly asked the jury to make the counter-inference, as the "government has broad latitude in the inferences it may reasonably suggest to the jury during summation." *United States v. Edwards*, 342 F.3d 168, 181 (2d Cir. 2003) (quoting *United States v. Zackson*, 12 F.3d 1178, 1183 (2d Cir. 1993)).

Accordingly, we do not find that the district court abused its discretion in denying Scales's Rule 33 motion for a new trial on the grounds of prosecutorial misconduct.

**III.    Sentencing**

Scales argues that his sentence of 27 years' imprisonment was procedurally and substantively unreasonable. Procedural error occurs when the district court commits an error of law, including by "not giv[ing] proper consideration to the [18 U.S.C.] § 3553(a) factors." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). Substantive unreasonableness occurs when the sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). While our review of the substantive reasonableness of a sentence is conducted on a deferential abuse of discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), "[t]his degree of deference is only warranted . . . once we are satisfied that the district court complied with the Sentencing Reform Act's *procedural* requirements," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

Scales argues that the district court did not properly consider all the § 3553(a) factors. He asserts that the district court did not account for his difficult upbringing, his community ties and impressive work as a personal trainer, and the fact that recidivism decreases with age. He

also contends that the district court failed to provide sufficient reasoning for why an alternative sentence would not be sufficient.

We do not find that the district court committed any procedural error in its consideration of the § 3553(a) factors. The district court discussed relevant § 3553(a) factors at sentencing and was not required to identify *each* one and how it affected its decision. *United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006) (stating that "there is no requirement that the court mention the required factors"). The court noted the many statements from community members expressing what a good man Scales was, stated that it must not impose a sentence that is greater than necessary, and even stressed that it did not believe high sentences were necessarily rehabilitative. After listening to both Scales's and the government's arguments at sentencing, and adopting the presentence report's calculated Guidelines sentencing range of life imprisonment plus a mandatory ten year term, the court imposed its sentence of 27 years' imprisonment. The court acknowledged that Scales had "much good in him," but the planning of a murder was an "intolerable activity that must be punished." App'x at 2553. We find no basis to conclude that the district court did not properly consider all the factors it was required to under § 3553(a).

Nor do we find that Scales's sentence was substantively unreasonable. Under a deferential abuse of discretion standard, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Cavera*, 550 F.3d at 189. Additionally, we have noted that it is particularly "difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011). There is simply no basis to conclude that the district court's below-Guidelines sentence was "shockingly high." *Rigas*, 583 F.3d at 123. As outlined *supra*, the

11

court considered Scales's mitigating factors, but ultimately concluded that the planning of a murder was something that required significant punishment. In meting out that punishment, the court still handed down a below-Guidelines sentence. Accordingly, we cannot find that the district court abused its discretion.

* * *

We have considered all of Scales's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

12